## ROWE *v.* LANGLEY.

In a suit by A. *v.* B., B. cannot file in offset a judgment recovered by M. against A. and assigned to B. before the commencement of A's suit.

This case was referred to an auditor, who made his report; which report, with the assignment annexed thereto marked A, is made a part of this case.

The questions of law arising on said report were reserved.

### AUDITOR'S REPORT.

\* \* \* \* By agreement of parties, the auditor reports to the court the following statement of facts :

The action is assumpsit upon an account annexed to the writ. Writ dated January 15, 1867. Defendant offered as a set-off to plaintiff's claim in this action a judgment recovered by one Melcher in an action against Rowe (this plaintiff,) and Langley (this defendant,) trustee, founded upon a note for $282, dated June 12, '61, signed by said Rowe and payable to said Melcher, as appears by said assignment. The original assignment of said judgment is annexed to this report, marked A. Defendant testified that he bought said judgment of Melcher in January, 1866. "At January Term, 1866, gave my disclosure in action *Blake* v. *Rowe* (this plaintiff,) & *Giles* & *Langley* (this defendant,) *Trustees;* had been trusteed by Melcher in a suit against Rowe (this plaintiff). The judgment (offered in set-off ) was recovered in suit *Melcher* v. *Rowe*, where I was trusteed individually. I bought this claim, and paid Melcher $25, and was to pay his counsel's bill. Had an account against Melcher, and he against me ; we never settled accounts ; I paid him $25 on this concern. I was then living in Haverhill, Mass., and rather than have any trouble about a disclosure I bought this claim against Rowe. I disclosed in the other suit, *Blake* v. *Rowe*, & *Giles* & *Langley Trs.* I bought this judgment to offset against a claim that Rowe (this plaintiff,) pretended to have against me, and to get rid of making a disclosure in the suit, as I was then living in Haverhill, Mass. Received this assignment from Melcher at the time it was made ; think I proposed buying the judgment to Melcher ; Melcher has not now, and has not had, any interest in said judgment, since said assignment."

If, upon the foregoing facts, the court are of opinion that said judgment cannot be properly set off against any claim of the plaintiff in this suit, then the auditor reports to the court the following statement of the accounts between the parties, to wit :

THOMAS LANGLEY to AUGUSTUS J. ROWE, DR.

| | |
|---|---:|
| To labor in store from Nov. 21, '64, to June 1, '65, | $110.00 |
| posting books and settling bills after leaving the store, 19 days, | 19.00 |
| cash lent $18, package powders $1, medicine and attendance for cut on "Lion," $1, | 20.00 |
| | $149.00 |

*Contra, Cr.*—By 1 pair gloves $1.25, 1 do. $1.50,    $2.75
              cloth for pants $7.50, box mustard .25,  7.75
              bottle liniment .50, 2 rolls salve .50,    1.00
              pitcher $1, 1-4 lb. tea ,35, cheese .37,  1.72
              paid Welch $3, cord wood 4.50,      7.50
                                    —— $20.72

Leaving a balance due plaintiff of              $128.28
to which interest should be added from date of plaintiff's writ.

If the court are of opinion that said judgment can be set off in this action, then the auditor finds that from the amount of said judgment and interest the above sum of one hundred and twenty-eight dollars 28-100 should be deducted, and that the balance then remaining is due to the defendant from the plaintiff.

### [A.]

#### COPY OF ASSIGNMENT.

I, Daniel Melcher of Exeter, N. H., in consideration of three hundred dollars to me paid by Thomas Langley of Haverhill, Mass., do grant and assign to said Langley a certain judgment by me recovered at the present January term 1866 of the Supreme Judicial Court for the county of Rockingham against Augustus J. Rowe of said Exeter, said judgment being founded on a promissory note given by said Rowe to me, dated June 12, 1861, for two hundred and eighty-two dollars, payable to me or order on demand, with interest annually; and I covenant that no part of said note or judgment has been paid to me; that said Langley may collect and receive the said judgment in my name, but at his own cost, to his own use, and that I will do nothing to impede or prevent his so collecting said judgment.    DANIEL MELCHER.

> U. S. Int. Rev.
> Stamp.
> **5 Cents.**
> *Canceled thus*
> 1866,
> Jan. 25,
> D. M.

*J. F. Wiggin* for plaintiff.

*Towle* and *J. J. & C. U. Bell*, for defendant, cited and commented

on *Sanborn* v. *Little*, 3 N. H. 539; *Woods* v. *Carlisle*, 6 N. H. 28; *Andrews* v. *Varrell*, 46 N. H. 20.

SARGENT, J.   The cases relied on by the defendant as authority for making the offset in this case, are authorities which go to the extent that in some cases the *real* parties, and not the mere nominal plaintiff and defendant, are to be considered in deciding whether the claims are *mutual.*

If a suit be brought upon an endorsed note in the name of a nominal plaintiff, when the note remains the property of the original payee,—the endorser,—a set-off against the plaintiff in interest will be admitted. But where the claim to be set off is a judgment or execution in favor of some third person against the plaintiff, and where such third person was the owner of the claim when it was sued, as in this case, and when judgment was recovered, and when all the right which the defendant has to said judgment has been acquired after judgment was rendered, by an assignment of the same, then the plaintiff's claim against the defendant and this judgment thus held by defendant are not mutual, and cannot be offset.   *Goodwin* v. *Richardson*, 44 N. H. 125, is decisive of this case.   See also *Weaver* v. *Rogers*, 44 N. H. 112.   Offset disallowed.

*Judgment for plaintiff.*